# H. BECKER & COMPANY *v.* C. A. GAMBRILL MANUFACTURING COMPANY.*

---

TRADEMARKS; PLEADING; GEOGRAPHICAL WORDS.

1. *Quære*, whether, where an interference is declared between an application for registration of a trademark and a mark previously registered, a finding by the Commissioner of Patents that the applicant's mark is a technical trademark, and that its use antedated the registered mark, is at variance with the issue of the interference.
2. The word "Orange" and the words "Orange Grove" are geographical, and are not subject to registration as technical trademarks.
3. Registration of a trademark for flour consisting of the words "Orange Grove," together with a pictorial representation of a twig bearing two oranges, will be refused where the applicant is not shown to have exclusively used the words as against another during the ten years preceding the passage of the trademark act of Congress of February 20, 1905.

No. 766.    Patent Appeals.    Submitted March 15, 1912.    Decided April 1, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference case.          *Reversed.*

The facts are stated in the opinion.

*Trademarks—Geographical Words.*—Upon the question of right to protection in use of geographical name as a trademark or tradename, or upon the ground of unfair competition, see note to *Dyment* v. *Lewis,* 26 L.R.A.(N.S.) 73.

*Mr. Arthur V. Briesen* for the appellant.

*Messrs. Steuart & Steuart* and *Mr. John Emory Cross* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents granting appellee company, the C. A. Gambrill Manufacturing Company, priority of use and registration of a trademark for flour, consisting of the words "Orange Grove," together with a pictorial representation of a twig bearing two oranges.

Appellee made application for the registration of its mark under the ten-year clause (sec. 5) of the trademark act of February 20, 1905. It was thrown into interference with appellant's mark "Orange Mills," registered in 1881. On hearing, appellant, H. Becker & Company, directed its testimony to combatting the right of appellee to register its mark, on the ground that it had not enjoyed exclusive use for the ten-year period. The Commissioner of Patents, however, held appellee's mark to be a technical trademark, and that its use antedated appellant's use of its mark, and awarded priority and registration to appellee.

Counsel for appellant strenuously urges that, inasmuch as appellant was cited into the Patent Office to combat appellee's right to registration under the ten-year provision, and as that was the issue to which its testimony was directed, the finding is at variance with the pleadings and the evidence, and cannot therefore be sustained. We think, however, that the case can be disposed of without reference to this feature of the controversy.

An interference was declared under sec. 7 of the trademark law, which provides that "whenever application is made for the registration of a trademark which is substantially identical with a trademark appropriated to goods of the same descriptive properties, for which a certificate of registration has been previously

issued to another, * * * he [the Commissioner] may declare that an interference exists." [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1279.] In granting the interference the Commissioner recognized that the marks wre "substantially identical."

The dominating feature of both marks is the word "Orange." The pictorial representation of the twig and the two oranges tends to emphasize the word "Orange" as the striking feature of appellee's mark. Flour bearing either of the marks would soon become known to the trade as the "Orange Brand." Stencils used by appellee in marking barrels were exhibited, which omitted the twig and oranges, indicating that these were not regarded by it as essential features of its mark.

The word "Orange" and the words "Orange Grove" are geographical, and not subject to registration as technical trademarks. In fact, appellee's mill is located at Orange Grove, Maryland. This narrows appellee's right to registration to the ten-year clause of the trademark act. It failed to establish exclusive use as against appellant, for the ten years prior to the enactment of the present law, and is therefore barred from registration.

This sufficiently disposes of the appeal. The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required. *Reversed.*